**In re GLAXO '845 PATENT LITIGATION,**

**This document relates to: All Actions**

**No. 03Civ.10260(LTS)(FM).**

United States District Court,
S.D. New York.

Sept. 28, 2006.

Andrei Harasymiak, David Noah Greenwald, Evan R. Chesler, Cravath, Swaine & Moore LLP, Nicholas M. Cannella, Fitzpatrick, Cella, Harper & Scinto, Richard J. Stark, Cravath, Swaine & Moore LLP, Robert L. Baechtold, Fitzpatrick, Cella, Harper & Scinto, New York City, for Plaintiffs.

Bruce D. Radin, Budd Larner Rosenbaum Greenberg & Sade, P.C., Short Hills, NJ, Robert Louis Baechtold, Fitzpatrick, Cella, Harper & Scinto, New York City, for Defendants.

*MEMORANDUM ORDER*

SWAIN, District Judge.

Plaintiff Glaxo Group Ltd. d/b/a GlaxoSmithKline ("GSK") brings this partial summary judgment motion directed to the obviousness-type double patenting affirmative defenses, and related counterclaims for declaratory relief, asserted by defendants Dr. Reddy's Laboratories, Ltd. And Dr. Reddy's Laboratories, Inc. (Collectively, "DRL") and Cobalt Pharmaceuticals, Inc. ("Cobalt" and, together with DRL, "Defendants") in this patent litigation arising from Defendants' Abbreviated New Drug Application for a generic version of GSK's highly successful migraine drug Imitrex, the active ingredient of which is sumatriptan succinate.

In the challenged affirmative defenses and counterclaims, Defendants assert that GSK's '845 patent, which is specific to sumatriptan compounds, is invalid for obviousness in light of the claims in GSK's earlier '470 and '483 patents for compounds designed to treat migraines. Defendants' arguments focus principally on the structural similarity of the covered

compounds.[1]

The double patenting doctrine generally prevents a patentee from receiving two patents for the same invention.... The proscription against double patenting takes two forms: statutory and non-statutory. Statutory, or "same invention," double patenting is based on the language in § 101 of the Patent Act mandating "a patent" for any new and useful invention. 35 U.S.C. § 101 (2000); *In re Goodman,* 11 F.3d 1046, 1052 (Fed.Cir.1993) ("If the claimed inventions are identical in scope, the proper rejection is under 35 U.S.C. § 101 because an inventor is entitled to a single patent for an invention") (citations omitted). Non-statutory, or "obviousness-type," double patenting is a judicially created doctrine adopted to prevent claims in separate applications or patents that do not recite the "same" invention, but nonetheless claim inventions so alike that granting both exclusive rights would effectively extend the life of patent protection. *Gerber Garment Tech., Inc. v. Lectra Sys., Inc.,* 916 F.2d 683, 686 (Fed.Cir.1990) (citing *In re Thorington,* 57 C.C.P.A. 759, 418 F.2d 528, 534 (1969).)

*Perricone v. Medicis Pharmaceutical Corp.,* 432 F.3d 1368, 1372–73 (Fed.Cir. 2005).

Generally, an obviousness-type double patenting analysis entails two steps. First, as a matter of law, a court construes the claim in the earlier patent and the claim in the later patent and determines the differences.... Second, the court determines whether the differences in subject matter between the two claims renders the claims patentably distinct.... A later claim that is not patentably distinct from an earlier claim in a commonly-owned patent is invalid for obviousness-type double patenting.... A later patent claim is not patentably distinct from an earlier patent claim if the later claim is obvious over, or anticipated by, the earlier claim.

*Eli Lilly and Co. v. Barr Labs., Inc.,* 251 F.3d 955, 968 (Fed.Cir.2001). Courts give "due weight to a patent's presumed validity under 35 U.S.C. § 282 (2000), and an accused infringer must show by clear and convincing evidence that a patent is invalid." *Geneva Pharmaceuticals, Inc. v. GlaxoSmithKline PLC.,* 349 F.3d 1373, 1377 (Fed.Cir.2003).

GSK's instant motion is brought on two alternative grounds—one that amounts essentially to a motion in limine seeking a determination as to the admissibility of a type of evidence in connection with the double-patenting issue, and the other seeking partial summary judgment in GSK's favor on the challenged affirmative defenses and counterclaims based on GSK's assertion that Defendant's have failed to counter the evidence of unexpected results that GSK has proffered in response to Defendants' obviousness arguments. Because the Court finds that a ruling in GSK's favor is warranted on the first issue presented, it does not reach the second.

In its principal argument on this motion, GSK asserts that it is entitled to present evidence of so-called "secondary considerations of non-obviousness" (also referred to as objective criteria of non-obviousness) in attempting to rebut any showing by

---

**1.** In its opposition to the instant motion, Cobalt argues that the '470 patent encompasses sumatriptan succinate and that the '845 patent is invalid for that reason. In that Cobalt has neither embodied this assertion in an affirmative defense or counterclaim nor sought relief on this ground, which is different from the obviousness-type double patenting arguments at issue on this motion practice, the Court will not address Cobalt's argument here.

Defendants that its '845 patent claims are not patentably distinct from claims of the '470 and/or '483 patents. GSK proffers in this connection, and Defendants do not dispute, that the parties have entered into stipulations recognizing the existence of six such secondary considerations favoring GSK. *See* Exs. 27 and 28 to the February 3, 2006 Declaration of Andrei Harasymiak ("Har.Decl.") The stipulations further provide that:

> [Defendants] conten[d] that the secondary considerations listed in th[e] stipulation[s] ... are both inadmissible and irrelevant with respect to a determination of obviousness-type double patenting ('[Defendant]'s double-patenting position').

> GSK contends that the secondary considerations listed in th[e] stipulation[s] are both admissible and relevant with respect to a determination of obviousness-type double-patenting ('GSK's double-patenting position').

> [Defendant] agrees that if the District Court in the instant case makes a final determination that [Defendant's] double-patenting position is incorrect, and that GSK's double-patenting position is correct, [Defendant] would not pursue further the defense of obviousness-type double-patenting as a basis for invalidity of the '845 patent....

(Pl.'s Mem. in Supp. of Summ. J. Mot. 4–5); *see also* Har. Decl., Exs. 27–28. GSK thus posits that the issue of obviousness-type double patenting can be disposed of with a ruling in favor of GSK's position on the admissibility of the secondary consideration evidence in connection with the obviousness-type double patenting issue. Defendants do not proffer a contrary read of the stipulation, arguing instead the merits of their position on the evidentiary issue. The Court has carefully considered the parties' respective arguments and submissions in connection with this motion practice.

There is no dispute that secondary considerations of non-obviousness have historically, and properly, been considered in connection with obviousness defenses raised under section 103 of the Patent Act, which relates to arguments of invalidity based on prior art, rather than on patents previously issued to the holder of the challenged patent. It is also clear to this Court that the Federal Circuit and its predecessors have recognized the relevance of such secondary considerations in connection with the refutation of prima facie demonstrations of obviousness in the double-patenting context. *See e.g., In re Emert,* 124 F.3d 1458, 1462 (Fed.Cir.1997) (finding obviousness "[a]bsent some indication of unexpected properties"); *In re Paolo Longi,* 759 F.2d 887, 896 (Fed.Cir. 1985) (finding that patent holder's evidence "fail[ed] to provide the unexpected results necessary to rebut the *prima facie* case of obviousness"); *In re Gladrow,* 56 C.C.P.A. 927, 406 F.2d 1376, 1383 (Cust. & Pat.App. 1969) (noting that patent seeker did not disclose that specified metals were critical to claimed process or provided unexpected results). Defendants' arguments of irrelevance and inadmissibility rest principally, if not exclusively, on a single footnote in a recent Federal Circuit decision, reading as follows:

> The distinctions between obviousness under 35 U.S.C. § 103 and nonstatutory double patenting include:

> 1. The objects of comparison are very different: Obviousness compares claimed subject matter to the prior art; nonstatutory double patenting compares claims in an earlier patent to claims in a later patent or application;

> 2. Obviousness requires inquiry into a motivation to modify the prior art; nonstatutory double patenting does not;

**438**

3. Obviousness requires inquiry into objective criteria suggesting non-obviousness; nonstatutory double patenting does not.

*Geneva Pharm.*, 349 F.3d at 1378 n. 1. The issue of objective criteria is not addressed anywhere else in the opinion, and there is no indication that any evidence of such criteria was proffered in, or relevant to, the questions raised on appeal in that case.

The plain language of the footnote makes it clear that it does not preclude the proffer and consideration of evidence of objective criteria (another term for secondary considerations) where relevant. *Cf.* M.P.E.P. § 804(II)(B)(1) (8th Ed., rev.3, August 2005) (directing patent examiners to take into account secondary considerations when evaluating whether a patent application should be rejected on the ground of obviousness-type double-patenting). The Court finds that GSK has demonstrated its relevance here and that the evidence of secondary considerations is admissible in connection with the challenged counterclaims and affirmative defenses. In light of the parties' stipulations, the Court need not address the weight of the proffered evidence, nor need the Court address GSK's alternative ground for relief.

For the foregoing reasons, GSK's motion for summary judgment on the issue of double patenting (docket entry number 42) is granted to the extent that the Court sustains GSK's position on the double-patenting issue as defined in the parties' stipulations. In light of this determination, the Court need not address the other issues raised in the motion papers.

SO ORDERED.